IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD THOMAS SMITH, JR.,

    Plaintiff,

  v.

DR. MARTIN, TAMMY MAASSON,
MS. TIDQUIST, MS. KOJTHORYZ,
DR. HEFTIEZER AND JOHN DOES 1-10,

    Defendants.

ORDER

Case No. 14-cv-429-wmc

Plaintiff Richard Thomas Smith, Jr., a prisoner in the custody of the Wisconsin Department of Corrections has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed without prepaying the fee. (Dkt. #3). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, he must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of plaintiff's average monthly balance is $100.67, and 20% of plaintiff's average monthly deposits is $13.60. Because the greater of the two amounts is 20% of the average monthly balance, or $100.67, that is the amount plaintiff will be assessed

1

as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before July 9, 2014.

If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $100.67 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

In addition, plaintiff has requested court assistance in recruiting counsel. Until the court has screened the complaint, a motion requesting the assistance of volunteer counsel is premature. Plaintiff may renew his request after this case has been screened required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that,

1. Plaintiff Richard Thomas Smith, Jr. is assessed $100.67 as an initial partial payment of the $350.00 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $100.67 on or before July 9, 2014.

2. If, by July 9, 2014, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing his case at a later date.

3. Plaintiff's motion for assistance in the recruitment of counsel (Dkt. #2) is DENIED without prejudice.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this ___ day of June, 2014.

BY THE COURT:


PETER OPPENEER
Magistrate Judge