IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD THOMAS SMITH, JR.,

                Plaintiff,                      OPINION AND ORDER

  v.
                                                        14-cv-429-wmc

DR. MARTIN, TAMMY MAASSEN,
DEBRA TIDQUIST, NURSE KOJTHORYZ,
and DR. HEFTIEZER,

                Defendants.

*Pro se* plaintiff Richard Thomas Smith, Jr. is proceeding in this case on claims that medical staff at the Jackson Correctional Institution ("JCI") violated his rights under the Eighth Amendment by denying him medical care for pain in his left foot. Now before the court is defendants' motion for summary judgment on the ground that Smith failed to exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997(e)(a). (Dkt. #22.) Also pending is Smith's motion for assistance in recruiting counsel. (Dkt. #25.) Because the undisputed facts establish that Smith failed to exhaust his administrative remedies before filing suit, defendants' motion for summary judgment will be granted and Smith's motion for assistance in recruiting counsel will be denied.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025

(7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. *Id.* §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. *Id.* § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. *Id.* § 310.13. If the institution complaint examiner rejects a grievance for procedural reasons without

addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). The reviewing authority's decision on the rejection is final. *Id.*

Plaintiff was granted leave to proceed on claims that defendants Dr. Martin, a physician, Tammy Maassen, the HSU manager, Debra Tidquist, a licensed practical nurse, Ms. Kojthoryz, a registered nurse, and Dr. Heftiezer, a medical director, failed to provide him adequate medical treatment for his chronic plantar fasciitis in violation of the Eighth Amendment. He alleged in particular that defendants (1) persisted in providing him only with Ibuprofen, which was inadequate; (2) cancelled a foot surgery that had been recommended by doctors at the University of Wisconsin; and (3) denied his requests for an "ultra sound guided injection" for his foot. Defendants submitted plaintiff's complete inmate complaint history report (dkt. #24, Exhs. 101-104), which shows that plaintiff filed three inmate grievances relevant to his claims. Defendants contend, however, that plaintiff failed to exhaust his administrative remedies because plaintiff's first grievance was properly rejected as untimely, and he never appealed the second and third grievances. The undisputed facts support defendants' contentions.

A. December 15, 2013 Offender Complaint Regarding Cancelled Surgery.

On December 15, 2013, plaintiff filed offender complaint JCI-2013-24254, alleging that defendants Tidquist and Kojthoryz improperly cancelled his foot surgery on November 20, 2013, after guards reported to HSU that he was playing basketball. (Dkt. #24, Ex. 102.) Plaintiff explained in his offender complaint that he was playing basketball because he had been directed to continue exercising despite the pain in his foot. (*Id.*) The complaint examiner rejected plaintiff's complaint as untimely since it was not filed within the 14-day deadline imposed by Wis. Stat. § DOC 310.09 after plaintiff learned his surgery had been

3

cancelled.  (*Id.*)  Specifically, the complaint examiner found that plaintiff had known about the cancellation no later than November 23, 2013, when he reviewed his medical record, which meant the last day for plaintiff to file his offender complaint was December 7th, rather than the 15th.  (*Id.*)  Plaintiff appealed this rejection, arguing that the 14-day deadline should be waived because his complaint was "serious." (*Id.* at 009).  The warden affirmed the rejection, however, concluding that plaintiff had not provided any evidence that he was prevented from filing a timely complaint.  (*Id.* at 012).

Unfortunately for plaintiff, a grievance properly "rejected solely on the basis of untimeliness" does not satisfy the PLRA's exhaustion requirement.  *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).  Therefore, whether plaintiff exhausted his administrative remedies regarding his claim about the surgery turns on whether his complaint was properly rejected as untimely by the complaint examiner.  If the institution complaint examiner properly rejected plaintiff's complaint as untimely, then plaintiff has failed to exhaust his administrative remedies and he may not proceed on any claim arising out of cancellation of his original surgery.

In his response brief, plaintiff concedes that he failed to file a grievance regarding cancellation of his surgery within 14 days of learning that the surgery had been cancelled,[1] but argues that this delay should be excused for two reasons.  First, he asserts "good cause" for the delay, because he was attempting to resolve his complaint informally.  Second, he

---

[1] While plaintiff denies that he learned of the surgery cancellation while reviewing his medical file on November 23, 2013, he acknowledges learning of the cancellation *three days earlier*, on November 20, 2013.  (Pl.'s Decl. dkt. #28, ¶ 5.)  This would mean that he was required by state regulation to file his inmate complaint regarding the cancellation by December 4, 2013, some 11 days before he actually did so.

4

asserts that because he was complaining about an ongoing medical issue, the 14-day deadline was never trigged. Neither argument is persuasive.

### 1. Plaintiff's Attempt at Informal Resolution Did Not Toll the Filing Deadline.

As for having "good cause" for filing late, plaintiff represents that the reason for his delay in filing a complaint about the cancellation of his surgery was that he was trying to resolve the dispute informally. In support, plaintiff points out that on December 2, 2013, he sent a letter to Tammy Maassen, the HSU manager, explaining his reasons for playing basketball and his need for the surgery. (Dkt. #24, Ex. 102 at 003.) He also requested that Maassen respond within 10 days. (*Id.*) When she did not respond, he submitted the inmate complaint, but by that time the 14-day deadline had expired. (Pl.'s Br., dkt. #27, at 7.)

As a initial matter, even if plaintiff's letter to defendant Maasenn could be considered "good cause" for his delay in filing a complaint under § 310.096(6), as plaintiff argues, that is not a decision for the court to make in the first instance. On the contrary, Wisconsin's regulations give *complaint examiners* discretion to determine whether an untimely filing should be accepted for good cause. Wis. Stat. § DOC 310.096(6). Thus, the place for making arguments about "good cause" is to the institution, not here. Otherwise, the state's time limit could simply be ignored and an inmate could come straight to federal court.

As the Wisconsin Court of Appeals has explained in interpreting § DOC 310.096(6),

> if the inmate believes there are facts constituting "good cause," he or she must advise the institution complaint examiner by means of including the asserted facts in the complaint. The failure to reasonably apprise the institution complaint examiner, by means of the complaint itself, of the facts the inmate believes constitute "good cause" waives the inmate's right to later complain that his or her complaint should have been accepted late for "good cause."

*State ex rel. Laurich v. Litscher*, 2004 WI App 150, ¶ 15, 275 Wis. 2d 769, 778, 686 N.W.2d 668, 672. *See also Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005) (prisoner fails to exhaust his remedies if he does not take advantage of procedure for reconsidering untimely filings); *McCoy v. Gilbert*, 270 F.3d 503, 510-511 (7th Cir. 2001) (prisoner did not exhaust administrative remedies because he did not ask for discretionary untimeliness review under federal prison grievance system); *Velez v. Kamin*, No. 07-C-571, 2008 WL 90071 *3-7 (E.D. Wis. Jan. 2, 2008) (prisoner who never attempted to take advantage of Wisconsin's "good cause" exception to untimely filings failed to exhaust his remedies).

Here, plaintiff never argued to the complaint examiner that his informal dispute resolution efforts constituted a "good cause" excuse for his untimely complaint. In fact, he never even told the complaint examiner that he had attempted informal resolution. Not only did he offer no explanation for his seemingly untimely complaint when he filed his grievance, after it was rejected, the only argument he made on appeal to the institution was that good cause existed because his complaint raised a "serious" issue. By failing to raise a "good cause" argument based on informal attempts to resolve the dispute before the institution, plaintiff waived that argument before this court.

To the extent plaintiff is arguing that his attempt at informal resolution rendered his administrative remedies "unavailable," that argument also fails. While plaintiff now claims that he believed an informal attempt to resolve the matter was *required* before filing an inmate complaint, the Wisconsin inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310 has no such requirement. Plaintiff points specifically to Wis. Admin. Code § DOC 310.09(4), but that provision states only that "[p]rior to accepting the complaint, the [inmate complaint examiner] *may* direct the inmate to attempt to resolve

6

the issue." (Emphasis added.) Nor is there anything in the Administrative Code that tolls the 14-day filing deadline while an inmate attempts to resolve a dispute informally.

Finally, plaintiff says he relied on the instructions printed on the back of the offender complaint form. Those instructions provide in pertinent part that:

> You should talk to appropriate staff in an effort to informally resolve your issue before filling out this form. If you have not done so, the Institution Complaint Examiner (ICE) may direct you to, prior to accepting the complaint, in accordance with DOC 310.09(4), Wis. Adm. Code.

(Dkt. #28-1 at 20.) Certainly, it is understandable if these instructions led plaintiff to believe he should attempt to resolve his objection to the cancelled surgery informally before filing an inmate complaint, since that is their apparent intent. This does not, however, justify plaintiff's further argument that these instructions can be reasonably interpreted as directing inmates to wait until all informal avenues have been fully explored and resolved before filing an inmate complaint, even if waiting would delay the filing of the inmate complaint until after the 14-day deadline had passed.

Plaintiff's argument is unreasonable for at least two reasons. First, the instructions do not state that an inmate *must* attempt informal resolution, nor that a complaint will be *rejected* if the inmate failed to first attempt informal resolution. Rather, the instructions state only that an inmate *should* attempt informal resolution and that the ICE *may* direct the inmate to do so before accepting the complaint. Plaintiff does not allege that any other instruction, the ICE or anyone else told him he was *required* to attempt informal resolution before filing a grievance. *Compare Hudson v. Radtke*, No. 08-CV-458-BBC, 2009 WL 1597259, at *4 (W.D. Wis. June 5, 2009) (grievance found to be timely, in part, because warden told inmate he had to resolve grievance through "the chain of command" before filing an inmate complaint) (citing *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal not appropriate when

7

prisoner failed to complete grievance process because of misinformation provided by prison officials)).

Second, and more significant, in addition to the language cited by plaintiff and quoted above, the instructions on the back of the complaint form also state expressly that: "An inmate *shall* file a complaint within 14 calendar days after the occurrence giving rise to the complaint, except that the ICE may accept a late complaint for good cause." (Dkt. #28-1 at 20) (emphasis added). Thus, even though the instructions encourage inmates to seek informal resolutions, they also make clear that inmates *must* file within the 14-day deadline. There is no language in the instructions suggesting an attempt at informal resolution will toll the 14-day deadline, much less that a complainant is relieved of even asserting "good cause" throughout the administrative process on that same basis before doing so in court. Accordingly, plaintiff has not shown that his attempt at informal resolution relieved him of the obligation to file his original inmate complaint timely.

2.  **Plaintiff's Inmate Complaint Did Not Raise an Ongoing Issue.**

Plaintiff's second argument is that defendants were continuing to deprive him of adequate treatment for his foot at the time he filed his grievance, his complaint should have been considered timely. This "continuing violation doctrine" cannot be stretched as far as plaintiff wishes. It is true that in the event of a continuing violation, an inmate "need not file multiple, successive grievances raising the same issue," so long as at least one, fully-exhausted grievance gave the prison "notice of, and an opportunity to correct, [the] problem." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010); *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008); *Johnson v. Johnson*, 385 F.3d 503, 521 (5th Cir. 2004). But that principle of law has

boundaries, and contrary to plaintiff's suggestion, it does not support a policy allowing a grievance directed to a specific treatment decision (in this case, cancellation of surgery) to exhaust remedies for all subsequent treatment decisions. *See Johnson*, 385 F.3d at 521 n.13 ("We pause to observe that we do not here hold that a grievance filed in response to one particular incident automatically exhausts claims that arise from future incidents of the same general type.").

Instead, a grievance will suffice to exhaust remedies for an ongoing issue only if the grievance actually related to the actions, policies, or procedures at issue in the case. *Cf. Stites v. Mahoney*, 594 Fed. Appx. 303, 305 (7th Cir. 2015) ("[T]he one grievance that Stites appealed—and thus exhausted—has nothing at all to do with [the] policies [at issue]."). In other words, the continuing violation doctrine applies if the exact same problem continued to reoccur, and the staff had already been made aware of the problem and been given the opportunity to correct it. *See, e.g., Howard*, 534 F.3d at 1244 (where inmate filed a grievance complaining that he was at risk of sexual assault in the unit in which he was housed, it was sufficient to exhaust his administrative remedies for each incident where he was, in fact, assaulted up until his transfer out of the prison); *Parzyck,* 627 F.3d at 1218, 1219–20 (where plaintiff filed a grievance complaining that he had been denied a promised orthopedic consultation, he did not need to file a new grievance each time his subsequent requests for a consultation were denied by a new official at the same prison while he was in the process of fully exhausting the first grievance).

The continuing violation doctrine does not apply in this case because plaintiff's December 15 inmate complaint did not address a continuing violation or ongoing medical issue. Rather, the complaint challenged a discrete act -- the cancellation of the surgery.

9

Indeed, plaintiff wrote in the complaint that he was specifically "writing this letter in regards to [his] foot surgery being cancelled . . . on 11/20 of 2013." (Dkt. #24-2 at 2.) The complaint goes on to explain why he should have been given the surgery and why the cancellation was unfair.

At that time, plaintiff did not make a generalized complaint about an ongoing denial of treatment for his foot. For example, he did not allege that defendants had repeatedly failed to provide him adequate medical treatment for his foot or that defendants had refused to authorize surgery, or cancelled surgery, in the past. Nor did he did provide *any* context describing ongoing treatment of his foot injury. Rather, his *only* complaint concerned the cancellation of his surgery on a specific date.

Since plaintiff's inmate complaint never provided the prison with "notice of, and an opportunity to correct" the denial of surgery in light of his apparently being able to play basketball on the injured foot that plaintiff would now challenge in this lawsuit, *Turley*, 729 F.3d at 645, the continuing violation doctrine does not apply and plaintiff's inmate complaint was properly rejected as untimely.[2] Plaintiff's claim relating to the cancelled surgery must, therefore, be dismissed for failure to exhaust his administrative remedies with respect to that claim.

B.  **February 11 and 24, 2014, Offender Complaints Regarding Ultrasound Guided Injections.**

On February 11, 2014, plaintiff filed another offender complaint, JCI-2014-3065, claiming that Dr. Martin had improperly rejected his request for an ultrasound guided

---

[2] This is not to hold that plaintiff could not have pressed a complaint before the institution for failing to reschedule his surgery in light of the recommendation of UW physicians, but rather that he needed to do so before the institution first, something he plainly did not do by focusing his complaint on the denial a scheduled surgery on a specific day.

injection in his left foot. (Dkt. #24, Ex. 103). The complaint was dismissed by an inmate complaint examiner on February 20, 2014, after an investigation. The complaint examiner concluded that there was no evidence plaintiff was not receiving adequate treatment for his foot and that his complaint merely amounted to a disagreement with the doctor's course of treatment. (*Id.*)

Again, plaintiff did not file an appeal of that decision with the correctional complaint examiner office as required by Wis. Stat. § DOC 310.113. Instead, on February 24, 2014, he filed a new inmate complaint, JCI-2014-3939, challenging the factual findings the inmate complaint examiner made in dismissing his February 11th complaint. (Dkt. #24, Ex. 104). This new inmate complaint was rejected the same day it was filed, on the grounds that it "amounted to an appeal of complaint JCI-2014-3065 and is, thus, not properly raised in this forum." (*Id.* at 3.) Plaintiff did not appeal the dismissal of JCI-2014-3939; nor did he attempt to correct his mistake by filing an appeal of the initial complaint JCI-2014-3065 using the correct appeal form and directed to the correct officials.

Defendants contend that plaintiff's failure to appeal dismissal of these two complaints constitutes a failure to exhaust administrative remedies. In response, plaintiff concedes that he failed to appeal the dismissal of either inmate complaint. He argues, however, that the court should disregard defendants' evidence regarding the inmate complaints he filed because the evidence is unauthenticated hearsay. In particular, he argues that the affidavit of Welcome Rose, the institution's records custodian, should be stricken because she lacks personal knowledge of the activities described in the documents attached to her affidavit.

This argument fails as well. The records accompanying Rose's affidavit qualify as an exception to the rule against hearsay under Fed. R. Evid. 803(6), as they are records of a

11

regularly conducted activity. As the records custodian, Rose is qualified to certify that these records are trustworthy, and plaintiff has pointed to no evidence to undermine her sworn testimony. On the contrary, he essentially concedes the accuracy of those records, if not the foundation for their acceptance into evidence. Accordingly, plaintiff has raised no genuine dispute of fact regarding whether he exhausted these two inmate complaints.

C.   **Dismissal Without Prejudice and Plaintiff's Options Going Forward.**

Because the undisputed evidence shows that plaintiff did not fully exhaust any inmate complaint relating to the claims filed in this lawsuit, this case will be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir.2004) (dismissal for failure to exhaust is always without prejudice). In many cases, an inmate who fails to exhaust before bringing suit may be unable to cure the exhaustion problem because the filing deadlines imposed by state prison regulations have already expired and the inmate cannot show good cause for missing them.

In this case, however, plaintiff claims to be challenging an ongoing medical issue of inadequate treatment for his foot. He has not yet fully-exhausted, or even submitted, an inmate complaint alleging inadequate treatment on an ongoing basis. If his problem is truly ongoing, it is not too late to seek redress from the institution for the problem via filing a *thorough* inmate complaint describing the ongoing issues, including his apparent, ongoing need for corrective surgery (unless the expert opinion of UW physicians has changed on that subject). If, after fully-exhausting such a complaint, the institution still fails to provide the medical treatment to which plaintiff believes himself entitled under the Constitution, he may then file suit.

ORDER

IT IS ORDERED that:

(1) Richard Thomas Smith's motion for assistance in recruiting counsel (Dkt. #25), is DENIED.

(2) Defendants' motion for summary judgment (Dkt. #22), is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for plaintiff's failed to exhaust his administrative remedies.

(3) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 12th day of, July, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge